Wendy CHURITCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–93–00295–CR.

Court of Appeals of Texas,
Dallas.

Nov. 14, 1994.

Keith Jagmin, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before LAGARDE, CHAPMAN and MORRIS, JJ.

## OPINION

LAGARDE, Justice.

Appellant Wendy Churitch appeals her conviction for the promotion of obscene material. The trial court found appellant guilty and assessed punishment at five days in jail and a $1500 fine. Appellant brings one point of error contending that the trial court erred in denying her motion to declare unconstitutional sections 43.21 and 43.23 of the Texas Penal Code. We overrule appellant's point of error and affirm the trial court's judgment.

## TEXAS PENAL CODE SECTIONS 43.21 & 43.23

Appellant argues that sections 43.21 and 43.23 of the Texas Penal Code violate article one, section eight of the Texas Constitution. She acknowledges that these sections have historically been held constitutional in the face of claims that the obscenity statutes violate the First Amendment of the United States Constitution. *See West v. State,* 514 S.W.2d 433, 438 (Tex.Crim.App.1974); *McMahon v. State,* 630 S.W.2d 730, 732 (Tex. App.—Houston [14th Dist.] 1982, pet ref'd), *overruled on other grounds, Davis v. State,* 658 S.W.2d 572, 580 (Tex.Crim.App.1983); *cf. Rent v. State,* 771 S.W.2d 723, 730 (Tex. App.—Dallas 1989) (legislature can regulate obscenity without violating First Amendment), *aff'd,* 838 S.W.2d 548 (Tex.Crim.App. 1990) (op. on reh'g). The court of criminal appeals has expressly declined to set a different standard for reviewing obscenity laws under article one, section eight of the Texas Constitution, even though it has the power to do so. *See Andrews v. State,* 652 S.W.2d 370, 383 (Tex.Crim.App.1983).

Appellant urges this Court to conduct a separate analysis under article one, section eight of the Texas Constitution. *See Davenport v. Garcia,* 834 S.W.2d 4 (Tex.1992). This Court may not apply a separate test in criminal cases that is in conflict with the pronouncements of the court of criminal appeals. *See Abdnor v. Ovard,* 653 S.W.2d 793, 793 (Tex.Crim.App.1983) (orig. proceeding). Thus, we decline appellant's invitation to conduct a separate analysis under article one, section eight of the Texas Constitution. We overrule appellant's point of error and affirm the trial court's judgment.