Samuel Lovert JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–00860–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 10, 1999.

Charles Hinton, Houston, for appellant.

S. Elaine Roch, Houston, for appellee.

Panel consists of Justices YATES,
HUDSON and FOWLER.

## OPINION ON REMAND

J. HARVEY HUDSON, Justice.

Appellant, Samuel Lovert Johnson, was convicted by a jury of the offense of aggravated robbery. The jury also found an enhancement paragraph to be true and assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of seventy-five years. On original submission, appellant raised six points of error contending the trial court had erred in: (1) overruling his challenges for cause to venire persons No. 17 and No. 33; (2) overruling his objections to extraneous misconduct evidence elicited by the State; and (3) admitting testimony in the punishment phase concerning appellant's "extremely violent" character. Finding no reversible error, we affirmed the judgment of the trial court in an unpublished opinion. *See Johnson v. State*, No. 14–95–00860–CR (Tex.App.-Houston [14 th Dist.], delivered March 27, 1997).

The Court of Criminal Appeals granted appellant's petition for discretionary review and concluded that we erred in deciding appellant's first and second points of error. *See Johnson v. State*, 982 S.W.2d 403, 406 (Tex.Crim.App.1998). These points concerned two prospective jurors who said they could not consider the minimum punishment of five years in the penitentiary for a person who, acting as a principal, committed aggravated robbery. Both prospective jurors stated, however, that they could consider assessing a punishment of five years for a person who, acting as a party, committed aggravated robbery. Because the prospective jurors could consider the full range of punish-

ment for aggravated robbery, we held that the trial court did not err in overruling appellant's challenge for cause.

In a plurality opinion, the Court of Criminal Appeals observed that a defendant is entitled to challenge for cause any prospective juror who has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely. *See* Tex.Code Crim. Proc. Ann. art. 35.16(c)(2) (Vernon Supp.1999). Concluding "appellant was entitled to jurors who could accept that the minimum legal punishment would be appropriate in some circumstances for a defendant found guilty as a principal," the Court of Criminal Appeals held the trial court abused its discretion in denying appellant's challenge for cause.[1] *Johnson*, 982 S.W.2d at 406. We have been ordered to conduct a harm analysis under Texas Rule of Appellate Procedure 44.2(b). *Id.*

On remand, both parties ask that we disregard the Court of Criminal Appeals' directive. Appellant contends we should not conduct a harm analysis under Rule 44.2(b) because the use of this rule would be unjust under the facts of this case. The State, on the other hand, claims the Court of Criminal Appeals erred in holding the jurors were excusable for cause. As an intermediate appellate court, we are obliged to comply with the orders of the Court of Criminal Appeals and follow its interpretation of the law.

After appellant's challenge for cause against the two prospective jurors was denied, he used two of his peremptory challenges to exclude them from the jury. Appellant subsequently used all of his peremptory challenges, requested additional challenges, and when this request was denied, he identified two jurors against whom he had an objection who were ultimately seated on the jury. Formerly, this showing would have been sufficient to establish harm meriting a reversal of the conviction. *See Bell v. State,* 724 S.W.2d 780, 795 (Tex.Crim.App.1986). Under Rule 44.2, however, we must use one of two standards: (1) if the record reveals "constitutional error," we must reverse the conviction or punishment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment; (2) any other error that does not affect substantial rights must be disregarded. *See* Tex.R.App. P. 44.2.

■ Because the trial court denied his challenge for cause, appellant was forced to use a peremptory challenge against both prospective jurors.[2] Thus, the demonstrable harm in this case is that appellant "lost" two peremptory challenges which, but for the trial court's error, he could have used in selecting an impartial jury. Peremptory challenges, however, are not of constitutional dimension. *See Ross v. Oklahoma,* 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). "So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." *Id.* Following the same rationale, the Court of Criminal Appeals has held that a mere error in ruling on a challenge for cause does not violate Article 1, § 10 of the Texas Constitution. *See Jones v. State,* 982 S.W.2d 386, 391 (Tex.Crim.App.1998).

---

1. Like the defendant, the State may also challenge for cause any juror who has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment. *See* Tex.Code Crim. Proc. Ann. art. 35.16(b)(3) (Vernon Supp.1999). Thus, in light of *Johnson*, we presume the State may now challenge for cause any juror who cannot assess the maximum punishment against one who is guilty only as a party.

2. Although the prospective jurors could not consider a minimum sentence of five years in the penitentiary for a principal in an aggravated robbery, the jury subsequently found appellant had previously been convicted of a felony. Accordingly, the minimum sentence which could have been assessed against appellant in this case was fifteen years in the penitentiary. *See* Tex. Pen.Code Ann. § 12.42(d) (Vernon 1994).

■ Accordingly, we must disregard the error unless it affected appellant's substantial rights. *Id.* at 391–92. In his brief on remand, appellant admits that he does not know to what degree the error affected his punishment. Because the harm cannot be ascertained, he argues we may not deem the error harmless. But while the State has the burden under Rule 44.2(a) of demonstrating harmlessness, we believe the defendant has the burden under Rule 44.2(b) of showing some substantial right has been affected by the error. *See Merritt v. State,* 982 S.W.2d 634, 637 (Tex. App.-Houston [1 st Dist.] 1998, no pet. h.). Having failed to show any infringement of his substantial rights, we must disregard the error. Thus, we overrule appellant's first and second points of error and affirm the judgment of the trial court.