**Tracy Fitzgerald DUCKWORTH,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–01–00682–CR.**

Court of Appeals of Texas,
Dallas.

Oct. 23, 2002.

William R. Barr, Dallas, for appellant.

Tracy F. Duckworth, Dallas, pro se.

John R. Rolater, Jr., Asst. Dist. Atty., William T. (Bill) Hill, Jr., Dallas, for State.

Before Justices JAMES, WRIGHT, and RICHTER.

## OPINION

TOM JAMES, Justice.

Tracy Fitzgerald Duckworth appeals his conviction and sentence for possession of a controlled substance, punishment for which was enhanced by two prior felony convictions. Appellant brings three points of error claiming: (1) appellant was improperly sentenced for a second-degree felony; (2) he did not have effective assistance of counsel at trial; and (3) *Thompson v. State*[1] violates appellant's due process rights under the Sixth and Fourteenth Amendments by denying appellant the right to counsel on direct appeal and denies equal protection to indigent defendants under the Fourteenth Amendment. We affirm the trial court's judgment.

## Background

Charged with possession of less than one gram of cocaine, appellant pleaded guilty and entered pleas of true to two enhancement paragraphs. The trial court found the enhancement paragraphs true but deferred adjudication of guilt on the primary charge. During the hearing on the State's second motion to proceed to adjudication, appellant pleaded true to the allegations contained in the motion. After granting the State's motion to adjudicate appellant's guilt, the trial court adjudicated appellant guilty and sentenced him to confinement for fifteen years.

## Jurisdiction

■ Before addressing the merits of this appeal, we first determine our jurisdiction. We recognize no appeal may be taken from a hearing to proceed to adjudication. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2002). However, when the issue on appeal arises from what occurs *after* the adjudication of guilt, we do have jurisdiction. *Kirtley v. State,* 56 S.W.3d 48, 51 (Tex.Crim.App.2001); *Jones v. State* 39 S.W.3d 691, 693 (Tex. App.-Corpus Christi 2001, no pet.). The appeal before us complains of (1) the court's application of the penal code to the enhancement paragraphs in the indictment in order to assess punishment, not specifically of the indictment itself, and (2) assistance of counsel during the punishment phase. Because these are matters arising after adjudication of guilt, we conclude we have jurisdiction.

## Enhancement to Second–Degree Felony

■ In his first point of error, appellant argues the trial court erred in sentencing him for a second-degree felony instead of a state jail felony because the enhancement paragraphs do not meet the terms of the penal code. Appellant pleaded guilty to possession of less than one gram of cocaine, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.2002). Appellant likewise pleaded true to two enhancement paragraphs set out in the second and third paragraphs of the indictment. The first enhancement paragraph alleged appellant was convicted on September 18, 1991 for aggravated robbery with a deadly weapon; the second enhancement paragraph alleged appellant was convicted on September 18, 1991 for burglary of a vehicle. The second enhancement paragraph stated the burglary conviction "was a final conviction and was

---

1. *Thompson v. State,* 9 S.W.3d 808 (Tex.Crim. App.1999).

a conviction for an offense committed by him ... prior to the commission and conviction of the offense hereinbefore charged against him, in the second paragraph hereof."

Appellant contends the indictment's enhancement paragraphs do not, as pleaded in the indictment, meet the penal code requirements for enhancement under section 12.42(a)(2): [2]

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) [3] that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

TEX. PEN.CODE ANN. § 12.42(a)(2) (Vernon Supp.2002). Appellant argues because his oldest conviction was not final when he committed the offense alleged in the first enhancement allegation and the State failed to prove the sequential order of the convictions, proof of enhancement is insufficient to support punishment for a second-degree felony under section 12.42(a)(2).

Regardless of appellant's contention, the punishment for a second-degree felony is valid because his present offense of possession of a controlled substance was punishable under section 12.35(c). The relevant part of that section provides:

> An individual adjudged guilty of a state jail felony shall be punished for a third [-] degree felony if it is shown on the

trial of the offense that: ... (2) the individual has previously been finally convicted of any felony: (A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure.

TEX. PEN.CODE ANN. § 12.35(c)(2)(a) (Vernon 1994). Aggravated robbery with a deadly weapon is an offense listed under article 42.12, section 3g(a)(1). TEX.CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1) (Vernon Supp.2002). Because the present offense was punishable under 12.35(c), section 12.42(a)(3) of the penal code applies to the present offense. Section 12.42(a)(3) provides: "If it is shown on the trial of a state jail felony punishable under Section 12.35(c) ... that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony." TEX. PEN.CODE ANN. § 12.42(a)(3) (Vernon Supp.2002).

Appellant pleaded true to the alleged prior felony convictions of aggravated robbery with a deadly weapon and burglary of a vehicle. We conclude, because of these two felony convictions, appellant's present offense of possession of a controlled substance is punishable as a second-degree felony. This is clear when we apply the language of section 12.42(a)(3) of the Texas Penal Code to the facts in this case:

- "If it is shown on the trial of a state jail felony": appellant was on trial for a state jail felony—possession of a controlled substance;

- "punishable under Section 12.35(c) ...": the possession of a controlled

2. Appellant cites subsection (b) of 12.42 in the penal code, but he quotes subsection (a)(2) and discusses subsection (a)(2) throughout his brief. Subsection (b) refers to a defendant on trial for a second-degree felony. Because appellant here was on trial for a state jail felony, which subsection (a)(2) refers to, and because appellant quotes the language of subsection (a)(2), we refer only to that subsection.

3. "Except as provided by Subsection (c), an individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days." TEX. PEN.CODE ANN. § 12.35(a) (Vernon 1994).

substance offense was punishable under section 12.35(c) because appellant was previously convicted of aggravated robbery with a deadly weapon;

- "that the defendant has been once before convicted of a felony": appellant had once before been convicted of the felony of burglary;
- "on conviction he shall be punished for a second-degree felony."

As such, appellant's present conviction for a state jail felony was punishable as a second-degree felony.

■ Appellant also contends the State did not notify him section 12.42(a)(3) would be used to enhance his punishment, which thereby prejudiced his defense. However, the only authority appellant cites refers to a defendant who was not placed on notice of the *conviction* being used for enhancement purposes because the enhancement paragraph failed to state the date of the offense. *See Rogers v. State,* 168 Tex. Crim. 306, 325 S.W.2d 697, 698 (1959), *overruled on other grounds, Scott v. State,* 553 S.W.2d 361, 363 (Tex.Crim.App.1977). Appellant points to no authority requiring notice of the particular penal code section to be used for enhancement purposes. We conclude appellant did receive notice of the convictions to be used to enhance punishment and, therefore, was not prejudiced in his defense. We hold the trial court did not err in punishing appellant for a second-degree felony. Accordingly, we overrule appellant's first point of error.

### Ineffective Assistance of Counsel

■ Appellant contends in his second point of error he was denied effective assistance of counsel at trial due to his counsel's failure to investigate, to offer mitigating evidence, and to argue in the punishment phase of the revocation hearing. A strong presumption exists that counsel is competent. *Weeks v. State,* 894 S.W.2d 390, 391 (Tex.App.-Dallas 1994, no pet.). The right to effective assistance of counsel does not mean the right to errorless counsel or counsel whose competency is to be judged by hindsight. *Mercado v. State,* 615 S.W.2d 225 (Tex.Crim.App. [Panel Op.] 1981). To prove ineffective assistance of counsel, an appellant must show (1) counsel's representation was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). To prove deficient performance, the appellant must show counsel's performance diverged from "prevailing professional norms." *Cardenas v. State,* 30 S.W.3d 384, 391 (Tex.Crim.App. 2000) (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052). To establish prejudice, the appellant must show a reasonable probability that the trial's result would have been different but for counsel's deficient performance. *Id.* A reasonable probability is a probability that sufficiently weakens confidence in the trial and its outcome. *Id.*

■ An appellant has the burden of showing ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex. Crim.App.1985). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999). In most cases, a silent record will not overcome the strong presumption of reasonable assistance. *Id.* Where the record is silent regarding counsel's strategy or tactics, we will not speculate as to the basis for counsel's decision. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). In establishing

prejudice, the record should also demonstrate what, had it been developed more thoroughly, might have led to a lesser punishment. *See Bone v. State*, 77 S.W.3d 828, 836–37 (Tex.Crim.App.2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813.

■ Appellant asserts counsel's representation was deficient in three areas. First, appellant contends counsel did not spend enough time investigating appellant's case. In his appeal, appellant alleges more investigation by counsel concerning the facts of appellant's situation would have enabled counsel to present more details regarding appellant's difficulties in meeting the requirements of his probation. Appellant also argues more investigation would have enabled counsel to better prepare appellant so that his testimony would have been more beneficial to his case. The record is silent as to any failure to investigate. Nor does the record demonstrate how more investigation would have affected the outcome of the case by leading to a lesser punishment.

■ Second, appellant contends counsel failed to develop mitigation evidence concerning appellant's illness. Appellant testified he suffered from "full blown AIDS." This evidence was before the trial court. The evidence included the impact of appellant's illness on his ability to meet his conditions of probation. The record does not, however, adequately demonstrate how further development of this evidence would have affected the case.

■ Finally, appellant contends counsel's closing argument should have been more strenuous, citing a Sixth Circuit case, *Cone v. Bell*, 243 F.3d 961 (6th Cir.2001), *rev'd*, 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). The Sixth Circuit held the defendant did not receive effective assistance of counsel because defense counsel offered no mitigating evidence and made no final argument during the penalty phase of a death penalty case. *Id.* at 978. The Supreme Court, however, reversed the Sixth Circuit, not finding the state court's application of *Strickland* objectively unreasonable in deeming counsel's waiver of final argument as a tactical decision. *Bell v. Cone*, 535 U.S. 685, ——, 122 S.Ct. 1843, 1854, 152 L.Ed.2d 914 (2002). *Cone v. Bell*, as cited by appellant, therefore, does not support appellant's argument. Further, the record is silent as to counsel's tactics or strategy concerning his closing argument.

Appellant attempts to provide additional support for his point of error by referencing examples of counsel's representation behavior during the adjudication hearing. Appellant recognizes, however, this argument is unavailing. No appeal may be taken from the decision to proceed with adjudication of guilt. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2002). We conclude appellant has not made a showing of deficient performance or sufficient prejudice. We overrule appellant's second point of error.

### Due Process and Equal Protection under *Thompson*

■ In his final point of error, appellant argues the court of criminal appeals' requirement that an appeal asserting a claim of ineffective assistance of counsel be supported by a showing of evidence in the record of trial counsel's strategies or motivations that would rebut the presumption of reasonable professional assistance, as set out in *Thompson v. State*, (1) violates appellant's due process rights under the Sixth and Fourteenth Amendments by denying appellant the right to counsel on direct appeal and (2) denies equal protection to indigent defendants under the Fourteenth Amendment. Our Court does

not have the authority to circumvent a decision of the court of criminal appeals. *State ex rel. Wilson v. Briggs,* 171 Tex. Crim. 479, 351 S.W.2d 892, 894 (1961) ("The Court of Criminal Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates."); *see also Johnson v. State,* 996 S.W.2d 288, 289 (Tex.App.-Houston [14th Dist.] 1999) (declining to refuse court of criminal appeals' directives), *vacated on other grounds,* 43 S.W.3d 1 (Tex.Crim.App. 2001). We may not apply a different analysis to a court of criminal appeals' pronouncement lest we overstep our power as an intermediate appellate court. *See Churitch v. State,* 888 S.W.2d 911, 911 (Tex.App.-Dallas 1994, no pet.); *McGlothlin v. State,* 705 S.W.2d 851, 862 (Tex.App.-Fort Worth 1986), *rev'd on other grounds,* 749 S.W.2d 856 (Tex.Crim.App.1988). For this reason, we decline appellant's invitation to review *Thompson v. State* under the Sixth and Fourteenth Amendments. We overrule appellant's third point of error.

We affirm the trial court's judgment.