Affirmed and Opinion filed November 4, 2003









Affirmed and Opinion filed November 4, 2003.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00822-CR

____________

 

JUSTIN CHARLES GODOY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 741,773

 



 

O P I N I O N

Appellant Justin Charles Godoy
entered a plea of guilty to the offense of aggravated assault.  The trial court placed appellant on deferred
adjudication for a period of ten years and ordered him to pay various fines,
fees, and restitution in the amount of $35,817.56.  After finding appellant had violated the
terms of his deferred adjudication, the trial court granted the State=s motion to adjudicate guilt.  Appellant was sentenced to four years= confinement and was ordered to pay
restitution in the amount of $33,659.56 as a condition of parole. 








In two points of error, appellant
claims the trial court (1) erred in ordering appellant to pay restitution as a
condition of parole because there was insufficient evidence to support the
amount of restitution; and (2) abused its discretion in ordering $33,659.56 in
restitution as a condition of parole because the evidence showed appellant
would be unable to pay that amount due to his medical condition.  We affirm.

Factual Background

Appellant was charged by indictment with the felony offenses
of aggravated assault and attempted murder. 
He pleaded guilty to the aggravated assault charge.  The trial court deferred adjudication of
appellant=s guilt and placed him on ten years= community supervision.  The conditions of appellant=s community supervision required him
to, inter alia, pay the following amounts:

1)        a supervision fee at the rate of $30 per month for the
duration of his community supervision;

2)        a fine of $200;

3)        court costs of $126.50;

4)        laboratory fees at the rate of $5 per month for the duration
of his community supervision; and

5)        $35,817.56 in
restitution at the rate of $100 per month.








Four years later, the State moved to adjudicate appellant=s guilt and alleged several
violations of the terms and conditions of his community supervision, including
failing to pay restitution.  At the
conclusion of the hearing on the State=s motion to adjudicate, the court
found the allegations of criminal mischief, failure to participate in community
service, failure to pay fines and costs, and failure to pay restitution to be
true.  Appellant was adjudicated guilty
of the original charge and sentenced to four years= confinement in the Texas Department
of Criminal Justice C Institutional Division. 
After pronouncing his guilt and sentence, the trial judge discussed the
terms of an appeal bond.  During this
exchange, the judge made the following statement: A[A]lso, as
a condition of parole, restitution will be ordered.@ 
The judge then asked the Court Liaison Officer for the total amount
appellant had paid toward the fines, fees, and restitution while he was on
community supervision.  The following
discussion ensued:

Officer:                The
total amount paid B

The Court:            On
everything?

Officer:                On
everything, the total paid was $2,158.00.

The Court:            All
right. And subtract that from $35,817.56, which is the amount shown in the
original PSI report.

Officer:                Sorry
Judge. If I may, that=s the total amount paid.

The Court:            On
everything?

Officer:                Everything.

The Court:            Okay.

Officer:                But
that is off. Some fees were supervisory fees.

The Court:            I
know, but it was a big mess. The probation officer applied the fee stuff to the
restitution stuff. I=m just going to give him credit on everything for
restitution since it=s such a huge amount. I can=t tell what was paid on what. So, I will give him the
benefit of the doubt.

Officer:                Okay.

The Court:            Thank you. Therefore, it should show on the judgment, Ms.
Moore, $33,659.56. Remaining amount. As a condition of parole.   

An addendum was attached to the
Judgment Adjudicating Guilt in which the court noted that it found Athat the parole board should require
the Defendant to make restitution in the amount of $33,659.56 . . . .@[1]








Jurisdiction

The State argues that this court does
not have jurisdiction to hear appellant=s complaints regarding the amount of
restitution because the amount was set at the original deferred adjudication
proceeding.  Appellant recognizes the
limitations imposed by section 5(b) of article 42.12 of the Texas Code of
Criminal Procedure, but urges that this court has jurisdiction because he is
complaining of an order imposed during the punishment phase of his adjudication
hearing.  A defendant placed on deferred
adjudication community supervision may raise issues relating to the original
plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred
adjudication community supervision is first imposed.  Manuel v. State, 994 S.W.2d 658,
661-62 (Tex. Crim. App. 1999).  Likewise, no appeal may be taken from the
trial court=s determination to proceed with an
adjudication of guilt on the original charge. 
Tex. Code Crim. Proc. Ann.
art. 42.12, _ 5(b) (Vernon Supp. 2003).  When a trial court finds that a defendant has committed a
violation as alleged by the State and adjudicates a previously deferred finding
of guilt, the court must then conduct a second phase to determine punishment.  Kirtley v. State,
56 S.W.3d 48, 51 (Tex. Crim. App. 2001) (citing Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992)). 
Therefore, although a defendant cannot appeal the trial court=s decision to adjudicate guilt,
a defendant sentenced after the adjudication of guilt can appeal aspects of the
Asecond phase to determine
punishment.@ Kirtley,
56 S.W.3d at 51 (allowing claim of ineffective assistance of counsel during
phase directly following adjudication of guilt); Duckworth v. State, 89
S.W.3d 747, 749 (Tex.
App.CDallas 2002, no pet.) (allowing complaint
regarding court=s application of the penal code
to the enhancement paragraphs in the indictment in order to assess punishment).
 In the instant appeal, appellant does not, and
properly cannot, complain about the amount of or the factual basis for
restitution imposed at the original plea proceeding.  Because appellant=s complaint pertains to the
imposition of $33,659.56 in restitution as a condition of parole, imposed after
adjudication of guilt, we have jurisdiction.

 








Preservation of Error

The State argues that appellant has
waived both of his issues by failing to object at trial.  To preserve a complaint for review, the record
must show that the complaint was presented to the trial court by a timely
request, objection, or motion stating the grounds for the ruling sought with
sufficient specificity to make the trial court aware of the complaint unless
the grounds are apparent from the record. 
Tex. R. App. P.  33.1(a); Vidaurri
v. State, 49 S.W.3d 880, 885‑86 (Tex. Crim.
App. 2001).  The record illustrates that
appellant never contended during the punishment phase that the restitution
amount was either not supported by the evidence or beyond appellant=s ability to pay.[2]


The Court of Criminal Appeals recently
stated that Aif a defendant wishes to complain
about the appropriateness of (as opposed to the factual basis for) a trial
court=s restitution order, he must do so in
the trial court and he must do so explicitly.@ 
Idowu v. State, 73 S.W.3d 918,
921 (Tex. Crim. App. 2002) (citations omitted).  Because appellant=s second point of error, that the
trial court abused its discretion in ordering restitution based on appellant=s inability to pay, is a complaint
about the appropriateness of the order, his failure to object at trial waived
error, if any.  Id.; Lemos v. State, 27 S.W.3d 42, 49 (Tex. App.CSan Antonio 2000, pet. ref=d) (holding that failure to object at
trial to order of restitution waived error). 
Accordingly, we overrule appellant=s second point of error.  








However, the Court in Idowu went on to note that whether the record
provides a sufficient factual basis for a particular restitution order could
be considered an evidentiary sufficiency question that need not be
preserved by objection at the trial level. 
Idowu, 73 S.W.3d at 922 (emphasis
added).  The Idowu
court found appellant had not preserved error because he failed to object when
restitution was imposed.  Nonetheless,
the court proceeded to address the merits of his claim.  Likewise, we find that appellant did not
preserve error because he did not object to the factual sufficiency of the
restitution order during the punishment phase, but we willCout of an abundance of cautionCfollow the direction of the Court of
Criminal Appeals in Idowu and review appellant=s first point of error challenging
the sufficiency of the evidence to support the amount of restitution. 

We review a challenge to the amount
of restitution for abuse of discretion.  Campbell
v. State, 5 S.W.3d 693, 696 (Tex. Crim. App.
1999).  There are three limits on the
trial court=s discretion to order
restitution.  First, the amount of
restitution must be just, and it must have a factual basis that is reflected in
the record.  Id. at 699.  Second, a trial court may not order
restitution for an offense for which the defendant is not criminally
responsible.  Id. at 697.  Third, a trial court may not order
restitution to anyone but the victim or victims of the offense with which the
offender is charged.  Id.  Or, if justice dictates, the trial court may
order payment to a party who has compensated the victim for the loss.  Tex.
Code Crim. Proc. Ann. art. 42.037(f)(1) (Vernon Supp. 2003).  A trial court=s failure to set restitution within
these parameters is an abuse of discretion.

Appellant only raises and briefs on
appeal a complaint about the specific amount of restitution ordered by the
trial court.  Because appellant only
challenges the amount of restitution, we need not delve into the other
limitations on the trial court=s discretion to order restitution and will limit our analysis
to whether the amount of restitution had a factual basis in the record.  See Turner v. State, 4 S.W.3d 74, 81
(Tex. App.CWaco 1999, no pet.) (stating that to
ensure appellate review, briefing should identify each specific element being
challenged and provide an analysis of the appropriate legal standards and
authorities with a summary of the relevant evidence for each element).  








Here, the trial court imposed
restitution in the amount of $33,659.56 as a condition of parole based on (1)
the amount set at the original plea proceeding, which appellant is precluded
from protesting here; and (2) a credit for the total payments appellant had
made during his four years of community supervision.  The relevant statutory provisions in effect
at the time appellant was placed on deferred adjudication and when he was later
sentenced required the trial court to Aenter the amount of restitution . . .
owed by the defendant on the date of revocation in the judgment in the case.@ 
Tex. Code Crim. Proc. Ann.
art. 42.12,  ' 23(a); see also id. ' 42.037(f)(2) (requiring that the
amount of restitution be reduced by previous payments under a former
restitution order).  The evidence shows
that the trial court obtained from the pre-sentence investigation report the
original restitution amount, which was based on information in the report and
the victim=s voluminous medical records.  The record also shows that appellant made
payments for fines, fees, court costs, and restitution totaling $2,158.00.  Appellant=s community supervision officer
testified that she applied every payment he made to reduce the outstanding
restitution amount.  The restitution
imposed after adjudication was determined by subtracting appellant=s total payments from the restitution
amount established at his original plea proceeding.  Because the amount of restitution it imposed
as a condition of parole had a factual basis in the record, the trial court did
not abuse its discretion.  We overrule appellant=s first point of error.

The judgment of the trial court is
affirmed.

 

 

 

/s/  Leslie Brock
Yates

Justice

 

 

Judgment rendered and Opinion filed
November 4, 2003.

Panel consists of Justices Yates,
Hudson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).                                  











[1]  The State
maintains the following language in the addendum to the judgment, AThe Court finds that the parole board should require
the Defendant to make restitution . . . .@
(emphasis added), indicates the trial court was making a recommendation for
restitution as opposed to an order. 
Although the Code of Criminal Procedure instructs the Board of Pardons
and Paroles to order the payment of restitution imposed by the trial court, we
need not decide whether this language constitutes a recommendation or an
order.  Tex.
Code Crim. Proc. Ann. art. 42.037(h) (Vernon Supp. 2003).  Here, appellant=s
challenge is, at least in part, a challenge to the factual basis to support the
amount of restitution ordered. 
Accordingly, it is within the jurisdiction of the appellate courts to
review the amount of restitution recommended by the trial court to the parole
board.  See Campbell v. State, 5
S.W.3d 693, 696 (Tex. Crim. App. 1999).





[2]  Although
appellant=s trial counsel did raise appellant=s ability to pay as a defense in the hearing to
adjudicate guilt, he did not object in the punishment phase to the trial court=s imposition of restitution as a condition of parole.