11th Court of Appeals
Eastland, Texas
Opinion
 
Araceli Agustina Osornio
            Appellant
Vs.                  No. 11-03-00106-CR — Appeal from Dallas County
State of Texas
            Appellee
 
            The jury convicted Araceli Agustina Osornio of possession of a controlled substance,
cocaine. The trial court assessed her punishment at 5 years confinement and a $2,000 fine. The trial
court suspended imposition of the confinement portion of the sentence and placed appellant on
community supervision for 5 years. We affirm.
            In her first and second issues on appeal, appellant argues that the evidence is legally and
factually insufficient to support her conviction. In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000). In order to determine if the evidence is factually sufficient, we must review all
of the evidence in a neutral light and determine whether the evidence supporting guilt is so weak as
to render the conviction clearly wrong and manifestly unjust or whether the evidence supporting
guilt, although adequate when taken alone, is so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly unjust. Vasquez v. State,
67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001);
Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996). We review the fact finder’s weighing of the evidence and cannot substitute our
judgment for that of the fact finder. Cain v. State, supra; Clewis v. State, supra. Due deference must
be given to the jury’s determination, particularly concerning the weight and credibility of the
evidence. Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den’d, 522 U.S. 832 (1997). This court has the authority to disagree with
the fact finder’s determination “only when the record clearly indicates such a step is necessary to
arrest the occurrence of a manifest injustice.” Johnson v. State, supra at 9.
            Officer Ruben Felan with the Dallas Police Department testified that on May 16, 2002, he
was working undercover at Chicas Loca’s strip club. The Dallas Police Department had received
numerous complaints that the club was involved in prostitution. Officer Felan testified that, when
he and his partner arrived at the club, his partner was approached by a lady who performed a “table
dance” for $20. The dance did not involve any physical contact between the dancer and the officer. 
The dancer informed the officers that, if they wanted more, they would have to go upstairs to the
“VIP room.” In order to go the “VIP room,” the officers had to purchase a bottle of champagne. 
            Officer Felan testified that he and his partner and two dancers went to the “VIP room.” The
dancers asked if the officers wanted “table dances.” The officers agreed. Officer Felan said that this
time there was physical contact with the dancers. Officer Felan asked one of the dancers if she
“performed sexual acts.” The dancer agreed, but then had to leave to dance on stage. Appellant then
approached Officer Felan and asked if he would like a dance. 
             Officer Felan testified that appellant was wearing a black teddy and a “G string.” Officer
Felan stated that appellant began to dance and that “she took off the top of the teddy.” Officer Felan
further testified that, while dancing, appellant “would grab [his] genitals” and rub his face with her
breasts. Officer Felan asked appellant whether she “had sex with clients from the club while at the
club.” Appellant said that she did. Officer Felan asked appellant how much she would charge; but,
before she could answer, uniformed officers came into the room. Appellant was arrested for public
lewdness. 
            Officer Antonio Aleman with the Dallas Police Department testified that, at the time of the
offense, he was working backup for the undercover officers. Officer Aleman said that, when
instructed to do so, he and his partner, Officer Mark J. Markulec, went upstairs to the “VIP room”
of the club. Officer Aleman said that he placed appellant under arrest and asked her for 
identification. Appellant said that her identification was in her purse and that her purse was in the
locker room. Officer Aleman escorted appellant to the locker room. Appellant’s purse was in her
locker, and the locker did not have a lock on it. Officer Aleman retrieved the purse from the locker,
and appellant identified the purse as belonging to her. Officer Aleman took appellant’s identification
from her wallet and then put her wallet back in her purse. Officer Aleman was going to put
appellant’s purse back and leave it there, but appellant insisted on taking her purse with her. Officer
Aleman told appellant she would have to leave her purse, and again she insisted on taking the purse. 
The officers allowed appellant to take her purse. 
            The officers took appellant to the squad car. Officer Markulec searched appellant’s purse
pursuant to her arrest. Officer Markulec testified that at the bottom of the purse, he found a clear bag
which contained what he believed to be cocaine and a one dollar bill rolled up into a hollow cylinder
which also contained white powdery substance. Officer Markulec also found a “green leafy
substance” in the purse.
            Appellant testified at trial that, at the time of the offense, she was working as a dancer at
Chicas Loca’s. Appellant said that she danced two “table dances” for Officer Felan in the “VIP
room.” Appellant denied touching Officer Felan. Appellant testified that, after she was arrested, the
officers agreed to let her change clothes and that they took her to the locker room. Appellant said
that her identification was in her purse, that she took her identification from her purse, and that she
gave her identification to the officer. Appellant testified that she did not ask to take her purse with
her. Appellant further testified that she did not know there was cocaine in her purse. Appellant
stated that a lot of the girls who work at the club use drugs and that sometimes they misplace their
things. Appellant said that she did not use cocaine or marihuana. 
            Appellant specifically argues that the evidence is legally and factually insufficient to show
that she knowingly or intentionally possessed the cocaine. In order to prove unlawful possession
of a controlled substance, the State must show that the defendant exercised care, custody, and control
of the substance and that she knew the substance was contraband. King v. State, 895 S.W.2d 701,
703 (Tex.Cr.App.1995). If the accused was not in exclusive possession of the contraband, the State
is required to present evidence affirmatively linking the accused to the contraband. Brown v. State,
911 S.W.2d 744, 748 (Tex.Cr.App.1995). Affirmative links may be established by facts and
circumstances that indicate the accused’s knowledge of and control over the contraband, including
whether the contraband was in open or plain view, whether it was in close proximity to the accused,
whether the accused was the owner of the place where the contraband was found, and whether other
contraband or drug paraphernalia was present. See Taylor v. State, 106 S.W.3d 827 (Tex.App. -
Dallas 2003, no pet’n); Linton v. State, 15 S.W.3d 615 (Tex.App. - Houston [14th Dist.] 2000, pet’n
ref’d). 
            The record shows that the cocaine was found in appellant’s purse and that the purse was
located in appellant’s locker. Appellant identified the purse as belonging to her. Appellant’s wallet
containing her identification was located inside of the purse. The cocaine was found on the bottom
of appellant’s purse. Appellant’s purse also contained marihuana and a one dollar bill rolled up into
a cylinder with white powdery residue on it. Viewing all of the evidence in the light most favorable
to the verdict, the evidence established sufficient affirmative links between appellant and the
cocaine. We do not find that the verdict is so contrary to the overwhelming weight of evidence as
to be clearly wrong and unjust. Appellant’s first and second issues on appeal are overruled. 
            In her third issue on appeal, appellant contends that the standard of review for factual
sufficiency challenges is “quixotically more demanding than the standard of review for legal
sufficiency challenges.” Appellant complains that requiring an appellant to prove that the verdict
is manifestly unjust, shocks the conscience, or clearly demonstrates bias is more demanding than the
standard for reviewing legal sufficiency challenges. Appellant argues that, when reviewing factual
sufficiency challenges, appellate courts should review the evidence “in a neutral light and determine
whether any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt.” Appellant further argues that appellate courts should not defer to the jury’s
determinations of the weight and credibility of the evidence. 
            The Court of Criminal Appeals has determined that, in reviewing challenges to the factual
sufficiency of the evidence, we must review all of the evidence in a neutral light and determine
whether the evidence supporting guilt is so weak as to render the conviction clearly wrong and
manifestly unjust or whether the evidence supporting guilt, although adequate when taken alone, is
so greatly outweighed by the overwhelming weight of contrary evidence as to render the conviction
clearly wrong and manifestly unjust. Vasquez v. State, supra at 236; Goodman v. State, supra; Cain
v. State, supra; Clewis v. State, supra. The Court of Criminal Appeals has further mandated that due
deference must be given to the jury’s determination, particularly concerning the weight and
credibility of the evidence. Johnson v. State, supra; Jones v. State, supra. We are required to follow
the binding precedent established by the Court of Criminal Appeals. See Duckworth v. State, 89
S.W.3d 747 (Tex.App. - Dallas 2002, no pet’n); see also State v. Stevenson, 993 S.W.2d 857
(Tex.App. - Fort Worth 1999, no pet’n). Appellant’s third issue on appeal is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM. R. WRIGHT
                                                                                                JUSTICE
 
December 11, 2003
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.