

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00051-CR

Damaso Rafael **CISNEROS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR11649
Honorable Frank J. Castro, Judge Presiding

Opinion by:      Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Irene Rios, Justice

Delivered and Filed: July 10, 2019

AFFIRMED

Appellant Damaso Rafael Cisneros ("Cisneros") appeals from a judgment adjudicating guilt and revoking community supervision for assault of a public servant. We affirm the trial court's judgment.

## Background

Cisneros pleaded *nolo contendere* to a charge of assault of a public servant and was assessed deferred adjudication and a fine in exchange for his plea. Condition 19 of Cisneros's deferred adjudication required him to attend and provide verification of attending Alcoholics

Anonymous/Narcotics Anonymous meetings. The State subsequently moved to revoke Cisneros's community supervision based on several alleged violations, including failure to comply with Condition 19 and commission of additional felonies—*i.e.*, intoxication manslaughter and intoxication assault. The State requested that the trial court sentence Cisneros to two years' confinement. At the revocation hearing, while represented by appointed counsel, Cisneros pleaded "true" to violating Condition 19. Following Cisneros's "true" plea, the State waived and abandoned the remaining alleged violations, and the trial court sentenced Cisneros to five years' confinement with credit for time served. Cisneros appeals.

## Discussion

In a single issue on appeal, Cisneros argues he received ineffective assistance of counsel at the community supervision revocation hearing.

### A.    Standard of review

To prevail on a claim of ineffective assistance of counsel, Cisneros must establish by a preponderance of the evidence that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) Cisneros was prejudiced by counsel's defective performance. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). To determine whether counsel's performance was deficient, we look to the totality of the representation and the particular circumstances of the case. *Id.* at 813.

Our review of counsel's performance is "highly deferential," and we indulge a "strong presumption" that counsel's conduct fell within a wide range of reasonable representation. *Id.* "To defeat the presumption of reasonable professional assistance, 'any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.'" *Id.* at 814 (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *cert. denied*, 519 U.S. 1119 (1997)). Consequently, a direct appeal usually is an inadequate

vehicle for raising a claim of ineffective assistance of counsel because the record is generally undeveloped as to why counsel did what he did. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 814 n.6 ("[I]n the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*."). Where, as here, the record is silent as to counsel's strategy, we will not conclude Cisneros received ineffective assistance of counsel unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003)).

**B.     Analysis**

Cisneros argues he received ineffective assistance of counsel at the revocation hearing because counsel "did not zealously advocate for" Cisneros and did not "try getting [Cisneros] a better offer by mitigating his sentence." Cisneros appears to argue counsel was ineffective for failing to introduce mitigating evidence that would have supported imposition of a lesser sentence.

Cisneros does not identify any evidence demonstrating counsel failed to investigate the case. Cisneros also does not identify any mitigating evidence that was available to discover, nor does he explain how such evidence would have supported imposition of a lesser sentence. Even assuming there was mitigating evidence available to introduce, the record on appeal is completely silent as to why Cisneros's counsel chose not to introduce such evidence. Where the record on appeal does not reflect that counsel failed to investigate or demonstrate how more investigation would have led to mitigating evidence and a lesser sentence, we will not find counsel was ineffective. *See Duckworth v. State*, 89 S.W.3d 747, 752 (Tex. App.—Dallas 2002, no pet.); *Perez v. State*, No. 04-01-00485-CR, 2002 WL 1370085, at *2 (Tex. App.—San Antonio June 26, 2002, no pet.) (mem. op.). Accordingly, we overrule Cisneros's sole issue.

**Conclusion**

Having overruled Cisneros's sole issue on appeal, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH