**Affirm and Opinion Filed May 11, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-19-00952-CR
No. 05-19-00953-CR
No. 05-19-00954-CR

**ALEJANDRO REYES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-75284-V, F18-75285-V, F18-75286-V**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Partida-Kipness
Opinion by Justice Myers

Alejandro Reyes appeals his three convictions for aggravated robbery. After finding appellant guilty, the jury assessed appellant's punishment at seventeen years' imprisonment. Appellant brings one issue on appeal contending the trial court abused its discretion by admitting evidence of an extraneous offense and by not sua sponte limiting the jury's use of the extraneous-offense evidence to the purpose for which it was admissible. We overrule appellant's issue, and we affirm the trial court's judgments.

# BACKGROUND

Appellant was arrested for armed robberies committed at three different businesses on February 19, 2018. Appellant admitted participating in each of the robberies.

Appellant testified that on February 19, 2018, he was riding in a vehicle with Noel Sepeda and Anthony Sepeda when they stopped at a gas station. Noel told appellant they were going to rob the gas station. Appellant protested that he did not want to rob it, but Noel and Anthony pointed their guns at him, and Noel told appellant, "if you don't rob this place, I'm going to come after you and everybody you love and care about." Appellant believed that was an imminent threat to his life, and he believed Noel would kill him or harm his family and friends. Noel handed appellant an inoperable gun and told appellant what to do. Appellant followed his instructions, and they robbed the gas station. They then went to two other establishments and robbed them. During his testimony, appellant described how he felt after the first robbery and what he said to Noel:

> I'm pretty shooken up. I'm pretty upset with him, telling him I can't believe that he would do something like that to me, that he knows that I—you know, he knows that I'm—I'm a hard-working man. *I don't rob. That's not what I do.*

(Emphasis added.)

After this testimony, the State requested permission to present evidence that appellant participated in a robbery with Noel on February 16, 2018, three days before the robberies in this case. Appellant objected that the evidence of this extraneous

–2–

offense was not admissible under Rules of Evidence 403 and 404(b), but the trial court overruled appellant's objection and admitted the evidence. Appellant testified that he did not participate in the February 16 robbery.

**EXTRANEOUS-OFFENSE EVIDENCE**

In his sole issue on appeal, appellant contends the trial court abused its discretion by admitting evidence of the extraneous robbery offense under the "plan" exception in Rule of Evidence 404(b). We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard, and we must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Wells v. State*, 611 S.W.3d 396, 427 (Tex. Crim. App. 2020).

Rule 404(b) prohibits the use of evidence of a crime, wrong, or other act to prove a person's character to show that a person acted in accordance with the character on a particular occasion. TEX. R. EVID. 404(b)(1). The rule provides that the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, *plan*, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2) (emphasis added). The exceptions listed in Rule 404(b)(2) "are 'neither mutually exclusive nor collectively exhaustive.' There are numerous other uses to which evidence of criminal acts may be put." *Montgomery v. State*, 810 S.W.2d 372, 377 (Tex. Crim. App. 1990) (quoting MCCORMICK ON EVIDENCE § 190 at p.558 (3d ed. 1984)). These other uses include rebuttal of the defenses of duress and necessity. *See Scroggs v. State*, 396 S.W.3d 1, 14 (Tex.

App.—Amarillo 2010, pet. denied) (necessity); *King v. State*, 189 S.W.3d 347, 355 (Tex. App.—Fort Worth 2006, no pet.) (duress); *see also Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) ("Extraneous-offense evidence is not inadmissible under Rule 404(b) when it is offered to rebut an affirmative defense or defensive issue that negates one of the elements of the crime.").

Extraneous-offense evidence may also be admissible when the defendant testifies to a blanket statement of good conduct or character. *Daggett v. State*, 187 S.W.3d 444, 452 (Tex. Crim. App. 2005). For example, if a defendant testifies, "I would never have sex with a minor," then the defendant may have left a false impression with the jury about a relevant act or character trait. *Id.* In that situation, the defendant may have opened the door to evidence of an extraneous act that tends to rebut the testimony. *Id.* Such evidence would be admissible to impeach the defendant by showing the defendant misrepresented himself. *Id.* In that situation, if requested by a party, the trial court must provide a limiting instruction informing the jurors that they may consider the evidence only to gauge the defendant's credibility and not as proof that he committed the charged offense. *Id.* at 452–53.

Appellant argues the evidence of the February 16 robbery was not admissible under the "plan" exception in Rule 404(b)(2) to prove appellant had a plan for the charged robberies because the evidence did not tend to prove the existence of a plan. The State agrees that the evidence would not be admissible to prove existence of a plan. However, the State asserts the evidence was admissible to rebut appellant's

defenses of necessity and duress. The State also asserts the evidence was admissible to impeach appellant's testimony, "I don't rob. That's not what I do."

Appellant testified that he committed the charged robberies because Noel had threatened him at gunpoint and had threatened to harm appellant's family and friends. *See* TEX. PENAL CODE § 8.05(a) (duress by threat of imminent death or serious bodily injury); *id.* § 9.22 (necessity). If appellant participated in the February 16 robbery with Noel without being threatened, as the evidence indicated, then the evidence was relevant to rebut appellant's assertions of duress and necessity, i.e., that he committed the charged robberies only because Noel pointed a gun at him and threatened to harm appellant and appellant's family and friends.

In this case, it appears the trial court overruled appellant's Rule 404(b) objection and admitted the evidence as rebuttal to appellant's defenses and as impeachment evidence following appellant's testimony, "I don't rob. That's not what I do."

Appellant does not explain why the evidence was not admissible to rebut his defenses of duress and necessity. After reviewing the record, we conclude the trial court's overruling appellant's objection under Rule 404(b) and admitting the evidence was not an abuse of discretion because it was within the zone of reasonable disagreement whether the evidence tended to rebut appellant's defenses.

However, even if the evidence was not admissible to rebut the defenses, appellant agrees that the evidence was admissible to impeach his testimony that he

does not rob.[1]  Appellant argues that even though the evidence was admissible for impeachment purposes, the trial court erred by not sua sponte instructing the jurors to limit their consideration of the evidence to determination of appellant's credibility.  Appellant did not request such a limiting instruction.  "Once evidence has been admitted without a limiting instruction, it is part of the general evidence and may be used for all purposes."  *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007).  The court of criminal appeals stated in *Delgado* that if the defendant does not request a limiting instruction at the time the evidence is admitted, no limiting instruction is required in the jury charge.  "This doctrine is a sensible one because otherwise a jury might sit through most of a trial under the mistaken belief that certain evidence is admissible for all purposes when in fact it is not."  *Id.*

Appellant requests that we "re-evaluate the holding in *Delgado* as it relates to that Court's decision to include evidentiary issues in the same class as defensive issues and lesser-included offenses."  As an intermediate court of appeals, we do not have authority to reject the holdings of the Texas Court of Criminal Appeals.  *See* TEX. CONST. art. 5, § 5 ("The Court of Criminal Appeals shall have final appellate jurisdiction . . . and its determinations shall be final . . . ."); *State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961) ("The Court of Criminal

---

[1] Appellant states in his brief:  "Here, Appellant made the same kind of blanket statement that would allow the admission of the extraneous aggravated robbery to impeach his credibility, but not to be considered as substantive evidence of the charged aggravated robberies."

–6–

Appeals is the court of last resort in this state in criminal matters. This being so, no other court of this state has authority to overrule or circumvent its decisions, or disobey its mandates."); *Duckworth v. State*, 89 S.W.3d 747, 752–53 (Tex. App.—Dallas 2002, no pet.) ("Our Court does not have the authority to circumvent a decision of the court of criminal appeals."). We decline appellant's invitation to "re-evaluate the holding in *Delgado*."

Appellant cites no authority holding that the trial court is required to sua sponte limit the jury's consideration of evidence admissible only for purposes of impeachment. We conclude appellant's failure to request a limiting instruction at the time the evidence was admitted waived any right to have the jury's consideration of the evidence restricted to determination of appellant's credibility.

We overrule appellant's issue on appeal.

## CONCLUSION

We affirm the trial court's judgments.

<table>
<tr><td></td><td>/Lana Myers//</td></tr>
<tr><td>190952f.u05</td><td>LANA MYERS</td></tr>
<tr><td>190953f.u05</td><td>JUSTICE</td></tr>
<tr><td>190954f.u05</td><td></td></tr>
<tr><td>Do Not Publish</td><td></td></tr>
<tr><td>Tex. R. App. P. 47.2</td><td></td></tr>
</table>



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ALEJANDRO REYES, Appellant

No. 05-19-00952-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-75284-V.
Opinion delivered by Justice Myers.
Chief Justice Burns and Justice
Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 11th day of May, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALEJANDRO REYES, Appellant

No. 05-19-00953-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-75285-V.
Opinion delivered by Justice Myers. Chief Justice Burns and Justice Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of May, 2021.



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ALEJANDRO REYES, Appellant

No. 05-19-00954-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-75286-V.
Opinion delivered by Justice Myers. Chief Justice Burns and Justice Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of May, 2021.