Daniel **NAVARRO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44956.

Court of Criminal Appeals of Texas.

March 8, 1972.

M. N. Garcia, Robert P. Terzian, Austin, for appellant.

Richard Fielder, Dist. Atty., Lockhart, and Jim D. Vollers, State's Atty., Austin, for the State.

---

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary. Appellant pled guilty and his punishment was assessed at five years.

Hays County Sheriff, Bobby Kinser, testified that on September 1, 1970, he received a call from the owner of Tuttle Lumber Company in San Marcos. After this call, he went to the Lumber Company to investigate a burglary. Upon arriving, he observed, "The back door had been broken into. A hole had been cut in the fense, and numerous guns were missing." The property was recovered from a house near Club 21 and returned to the Tuttle Lumber Company.

On September 3, 1970, appellant was arrested and made a written statement, confessing the burglary. The statement was introduced into evidence.

The owner of the Lumber Company did not testify. However, the manager testified that he did not give anyone permission to break into the premises and take the property and that to the best of his knowledge no one else did. He stated that some of the stolen rifles were returned. The record is silent as to why the owner was not called to testify.

■ Appellant contends that the evidence is insufficient to support his conviction. See Article 1.15, Vernon's Ann.C.C.P. Here we have: appellant's plea of guilty; his confession that he broke into the place, removed the rifles, and took them to a house near Club 21; a recovery of some of the rifles at the house to which appellant confessed that he took them; the officer investigating the burglary as a result of a call from the owner; the investigation corroborating the facts as stated by appellant in his confession; the manager of the premises testifying that he did not give consent or permission to break into the premises; and, a return of part of the rifles taken from the premises. Therefore, under the facts of this case, we conclude the evidence is sufficient. See generally, Ciulla v. State, Tex.Cr.App., 465 S.W.2d 150; Edwards v. State, Tex.Cr.App., 463 S.W.2d 733; Soto v. State, Tex.Cr.App., 456 S.W.2d 389.

 Appellant's contention that the trial judge indicated bias by asking questions of a witness is without merit. This case was a trial before the court on appellant's plea of guilty and the questions by the court were to clarify the witness' testimony.

There being no reversible error, the judgment is affirmed.