NO. 07-06-0400-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 24, 2008

______________________________

JULIO ANTONIO NEVAREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,579-E; HONORABLE ABE LOPEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Julio Antonio Nevarez appeals from his jury conviction of the offense of
murder and his resulting sentence of imprisonment for a term of twenty-five years in the
Institutional Division of the Texas Department of Criminal Justice. We affirm.
 
 
Factual BackgroundAppellant’s indictment charged that he intentionally and knowingly caused the death
of Edgar Alex Avila, by stabbing him with a knife.


 Following his plea of not guilty, the
matter proceeded to trial by jury. At trial, the State’s evidence showed that during the early
morning hours on a night in May 2005, bar patrons were leaving a local bar. As several
individuals approached the parking lot, the victim and a friend of appellant began fighting.
A two-minute altercation ensued and after the victim and the friend were separated by a
security guard, appellant came from behind the victim and stabbed him in the neck with a
knife. The victim later died from this wound. 
          Appellant testified at trial, claiming self-defense and “accident.” At the close of the
evidence, appellant submitted proposed jury instructions on self-defense and on
manslaughter as a lesser-included offense. The court included the requested instruction
on self-defense, but denied the manslaughter charge. The jury returned a verdict of guilty
as alleged in the indictment and assessed punishment against appellant at confinement
for a term of twenty-five years. This appeal followed.
AnalysisBy his sole issue on appeal, appellant contends the trial court abused its discretion 
by failing to instruct the jury on the lesser-included offense of manslaughter, thereby
denying appellant due process and equal protection of the law. We find appellant was not
entitled to a manslaughter instruction. 
          If facts are elicited during trial that raise an issue of a lesser-included offense and
a charge is properly requested, then a charge on the issue must be given. Ross v. State,
861 S.W.2d 870, 877 (Tex.Crim.App. 1992). The Court of Criminal Appeals has
established a two-pronged test to determine whether a defendant is entitled to a charge
on a lesser-included offense. Skinner v. State, 956 S.W.2d 532, 543 (Tex.Crim.App.
1997); Aevalo v. State, 943 S.W.2d 887, 889 (Tex.Crim.App. 1997); Royster v. State, 622
S.W.2d 442 (Tex.Crim.App. 1981). See also Hall v. State, 225 S.W.3d 524, 535
(Tex.Crim.App. 2007) (applying test); Baca v. State, 223 S.W.3d 478, 480
(Tex.App.–Amarillo 2006, no pet.). First, the lesser-included offense must be included
within the proof necessary to establish the offense charged, and, second, some evidence
must exist in the record that would permit a jury rationally to find that if the defendant is
guilty, he is guilty only of the lesser offense. Skinner, 956 S.W.2d at 543, citing Rousseau
v. State, 855 S.W.2d 666, 673 (Tex.Crim.App. 1993). See also Hall, 225 S.W.3d at 535-36; Moore v. State, 969 S.W.2d 4 (Tex.Crim.App. 1998). 
          In deciding whether the issue of a lesser-included offense is raised, we look to all
the evidence presented at trial. Havard v. State, 800 S.W.2d 195, 216 (Tex.Crim.App.
1989); Grotti v. State, 209 S.W.3d 747, 773 (Tex.App.–Fort Worth 2006), aff’d, 2008 WL
2512832 (Tex.Crim.App. 2008). The credibility of the evidence and whether it is
controverted or conflicts with other evidence may not be considered. Havard, 800 S.W.2d
at 216. Furthermore, it is not enough that the jury may disbelieve crucial evidence
pertaining to the greater offense. Skinner, 956 S.W.2d at 543. Rather, there must be
some evidence directly germane to a lesser-included offense for the fact-finder to consider
before an instruction on a lesser-included offense is warranted. Id. The defendant's
testimony alone may be sufficient to raise the issue of a lesser-included offense. Lugo v.
State, 667 S.W.2d 144, 147 (Tex.Crim.App. 1984). 
          The parties agree the first prong of the test is satisfied. The indictment charged
appellant with murder as defined in § 19.02(b)(1) of the Penal Code, requiring proof that
he intentionally or knowingly caused Avila’s death. Appellant could have been convicted
of manslaughter on proof that he recklessly caused Avila’s death. See Tex. Penal Code
Ann. § 19.04 (Vernon 2003) (defining manslaughter). Manslaughter thus was a lesser-included offense of the charged murder. See Tex. Code Crim. Proc. Ann. art. 37.09(3)
(Vernon 2006) (offense is lesser-included offense if, inter alia, it differs from offense
charged only in respect that a less culpable mental state suffices to establish its
commission); Schroeder v. State, 123 S.W.3d 398, 400 (Tex.Crim.App. 2003) (voluntary
manslaughter is lesser-included offense of murder under Code of Criminal Procedure
article 37.09(3)).


 
           Appellant testified that at closing time, he left the bar behind his friend. The bar’s
doorway was crowded with patrons leaving the bar. He saw the altercation between his
friend and the victim. He testified that he was sensitive to such situations because he and
his brother had been injured in a bar assault in 2003. As he was leaving the bar, someone
hit him in the back, causing him to fall to one knee. He was punched in the forehead and
the back of his head and was kicked in the buttocks. His sunglasses were knocked off the
back of his head and his medallion was broken and ripped off his neck. He “panicked” and
reached for and opened his pocket knife. He testified that when he took the knife out he
“was scared. [He] didn’t know what was going on. [He] didn’t know what was happening
to [his] friend. [He] didn’t know what was going to happen to [him].” He yelled out twice “get
away, I have a knife” and swung the knife fast, making contact. He testified that while he
knew the knife was making contact, he “didn’t think it was that bad.” 


 
          Appellant further testified that at some point, he realized he was struggling with the
victim. The victim was pushing him down and hitting him in the back of his head. 
Appellant continued his erratic movements with the knife until he felt blood on him. He saw
the victim holding his neck, realized that he injured the victim, and pushed away.


 Later
in his testimony, appellant characterized the stabbing as “an accident,” then said he “was
just trying to protect myself.”
          Application of the second prong of the test requires that there exist in the record
some evidence that appellant was reckless in causing the death of the victim, but did not
act intentionally or knowingly. See Adanandus v. State, 866 S.W.2d 210, 232
(Tex.Crim.App. 1993) (applying second prong analysis). Section 6.03(c) of the Texas
Penal Code provides that a person's conduct is reckless when he “is aware of but
consciously disregards a substantial and unjustifiable risk . . . the result will occur.” Tex.
Penal Code Ann. § 6.03(c) (Vernon 2003). In contrast, one acts intentionally “when it is
his conscious objective or desire to engage in the conduct or cause the result” or knowingly
“when he is aware that his conduct is reasonably certain to cause the result.” Id. In other
words, for appellant to receive an instruction on the lesser included offense of
manslaughter, a rational jury must be able to find that appellant behaved in such a way that
he consciously disregarded a substantial and unjustifiable risk toward the victim, but was
not aware that his conduct was reasonably certain to cause the victim's death. Id.; Chavez
v. State, No. 07-03-0509-CR, 2005 WL 1403992 (Tex.App.–Amarillo June 15, 2005, no
pet.) (mem. op., not designated for publication).
          Appellant points to his statement that the stabbing was “an accident.” In
determining whether there is evidence to support a requested recklessness charge, courts
have found a statement that a defendant did not intend to kill the victim “cannot be plucked
out of the record and examined in a vacuum.” Godsey v. State, 719 S.W.2d 578, 584
(Tex.Crim.App. 1986); see Martinez, 16 S.W.3d at 847. Neither is appellant’s statement
that the stabbing “was an accident” properly plucked from the record and examined in a
vacuum.


 Viewed in context, we do not agree it provides evidence appellant was aware
of but consciously disregarded a substantial and unjustifiable risk that his actions would
result in Avila’s death. In response to the very next question, appellant asserted he “was
just trying to protect myself,” returning to his consistent theme that he was responding to
the attacks on him, and was acting in fear of his life.
          Moreover, this court and others have held that the justification of self-defense is
inconsistent with a claim that the defendant acted only recklessly. See Chavez v. State,
2005 WL 1403992 at *2, citing Martinez v. State, 16 S.W.3d 845, 848 (Tex.App.–Houston
[1st Dist.] 2000, pet. ref’d]); Johnson v. State, 915 S.W.2d 653, 659 (Tex.App.–Houston
[14th Dist.] 1996, pet. ref’d) (all holding “one cannot accidentally or recklessly act in self-defense”); accord, Avila v. State, 954 S.W.2d 830, 843 (Tex.App.–El Paso 1997, pet. ref’d)
(holding defendant’s testimony he acted in self-defense precluded an instruction on
reckless discharge of weapon). We find that holding applicable here.
          As did the defendant in Chavez, 2005 WL 1403992 at *2, appellant here relies on
O’Brien v. State, 89 S.W.3d 752 (Tex.App.–Houston [1st Dist.] 2002, pet. ref’d). There, the
defendant intentionally aimed a gun at the victim in self-defense but was struck over the
head with a board, causing him to clench and fire the gun accidentally. Id. at 755-56. The
court determined the evidence was sufficient to suggest the defendant recklessly caused
the death of the victim and entitled him to an instruction on the lesser offense of involuntary
manslaughter. Id. O’Brien is of the category of cases that involve evidence a weapon
accidentally discharged. See, e.g., Hayes v. State, 728 S.W.2d 804, 809-10
(Tex.Crim.App. 1987), cited in Johnson, 915 S.W.2d at 659. This is not such a case, and
O’Brien is inapposite.
          For these reasons, we find the second prong of the test is not satisfied. The trial
court did not err in refusing to instruct the jury on the lesser included offense of
manslaughter. Accordingly, we overrule appellant’s issue on appeal, and affirm his
conviction and sentence.
 
                                                                James T. Campbell 

                                                                         Justice









Publish.


















pan>Do you speak English?
          A:                             No.
          The Court:               Do you understand English when it’s spoken to you?
          A:                             A little.
The Court:A little. Okay. Do you recall whether anyone asked you
for your driver’s license?
          A:                             No.
          The Court:               Are you a U.S. citizen?
          A:                             No.
          The Court:               Of what country are you a citizen?
          A:                             San Luis Potosi.
          The Court:               Is this a city?
          A:                             Yes.
          The Court:               In which country?
          A:                             Rio Verde, San Luis Potosi.
          The State contends neither issue is preserved for our review because no objection
was made at the time of the questioning. To preserve a complaint for appellate review, a
party must present to the trial court a timely request, objection, or motion stating the
specific ground for the desired ruling if the specific grounds are not apparent from the
context. Tex. R. App. P. 33.1; Moreno v. State, 900 S.W.2d 357, 360
(Tex.App.–Texarkana 1995, no writ). Where no objection is made, remarks and conduct
of the court may not be subsequently challenged unless they constitute fundamental error
because they impugn the presumption of innocence, deny the defendant a fair and
impartial jurist or have similar effect. Moreno, 900 S.W.2d at 359, citing Brewer v. State,
572 S.W.2d 719, 721 (Tex.Crim.App. 1978) (panel op.); Oulare v. State, 76 S.W.3d 231,
234 (Tex.App.–Amarillo 2002, no pet.) (recognizing requirement to object is applicable to
remarks and conduct of the court). See also Blue v. State, 41 S.W.3d 129, 138
(Tex.Crim.App. 2000) (plurality op.).
 
          Due process under both the United States and Texas constitutions requires a
neutral and detached hearing body or officer. Gagnon v. Scarpelli, 411 U.S. 778, 786, 93
S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973); Earley v. State, 855 S.W.2d 260, 262
(Tex.App.–Corpus Christi 1993), pet. dism’d as improvidently granted, 872 S.W.2d 758
(Tex.Crim.App. 1994); accord, Brumit v. State, 206 S.W.3d 639, 645 (Tex.Crim.App. 2006). 
See also Blue, 41 S.W.3d at 138 (Keasler, J., concurring) (right to impartial judge is
absolute right). A reviewing court presumes the trial court was neutral and detached
absent a clear showing to the contrary. Brumit, 206 S.W.3d at 645; Fielding v. State, 719
S.W.2d 361, 366 (Tex.App.–Dallas 1986, pet. ref’d). A trial judge is permitted to question
a witness when seeking information, clarifying a point, or to obtain a clearer idea of the
merits of the case. Moreno, 900 S.W.2d at 359; Burks v. State, 693 S.W.2d 747, 750
(Tex.App.–Houston [14th Dist.] 1985, pet. ref’d). In bench trials, courts may go beyond
asking for mere clarification and ask questions that an advocate might ask in order to assist
the fact-finding process. Moreno, 900 S.W.2d at 359. Even so, a court must avoid
becoming involved as an advocate to the extent that it cannot make an objective finding
of fact in the case. Id. at 360.
          Here, the judge’s questions were posed during a hearing on a suppression motion. 
No jury was present. The nature of the questions focused on clarifying the circumstances
of the officer’s detention of appellant and determining how much of the English language
appellant understood. The questions by the judge did not taint the presumption of
innocence or deprive appellant of an unbiased judge or tribunal. Because the questions
did not rise to the level of fundamental error, appellant was obligated to object at trial to
preserve the error for appeal. See Oulare, 76 S.W.3d at 234, citing Brewer, 572 S.W.2d
at 721. He did not do so and therefore has presented nothing for our review on these
points.
          Even if we consider appellant’s points, we find no abuse of discretion. Appellant
contends on appeal that by engaging in the questioning of the officer, the judge became
an advocate for the prosecution and assisted the State in satisfying its burden. With
regard to the court’s questions to appellant, he argues there is no authority that permits the
“trial judge to pry into the background” of a defendant during a motion to suppress. The
State argues the court acted properly, particularly because courts in bench trials have more
latitude in questioning witnesses because there is no risk of improperly influencing the jury. 
Navarro v. State, 477 S.W.2d 291, 292 (Tex.Crim.App. 1972); Moreno, 900 S.W.2d at 359. 
We agree with the State’s position.
          When reviewing complaints about the trial judge’s questioning of a witness, we
apply an abuse of discretion standard. Born v. Virginia City Dance Hall and Saloon, 857
S.W.2d 951, 957 (Tex.App.–Houston [14th Dist.] 1993, writ denied). As noted, in criminal
cases, the trial judge is permitted to question a witness when seeking information only, to
clarify a point, or to ask the witness to repeat something the judge could not hear. Moreno,
900 S.W.2d at 360. Judges are permitted more leeway when no jury is present. Id. See
also Silva v. State, 635 S.W.2d 775, 778 (Tex.App.–Corpus Christi 1982, writ ref’d). Here,
the trial court’s questions, both those asked of the officer and those asked of appellant,
were within those categories. The record certainly does not indicate the trial judge
abandoned his neutral and detached role. 
          On our review of appellant’s complaints, we find no abuse of discretion. We
overrule appellant’s second and third issues. 
Comment on the Evidence
          In appellant’s last issue, he asserts the trial court erred in taking judicial notice of the
meaning of the Spanish word “aqui.” The State asked appellant’s brother the question
“[a]nd is the Spanish term for “here” “aqui”? When no verbal response was received, the
prosecutor asked the court to take judicial notice of the fact the Spanish term for “here” is
“aqui.” The court did so. Appellant did not object at the time the trial court took judicial
notice that “aqui” meant “here” nor did appellant object at any time when testimony was
offered that “aqui” meant “here.” Appellant’s third issue thus was not preserved for
appellate review. Tex. R. App. P. 33.1(a)(1); see Tex. R. Evid. 201(e) (“[a] party is entitled
upon timely request to an opportunity to be heard as to the propriety of taking judicial
notice and the tenor of the matter noticed. In the absence of prior notification, the request
may be made after judicial notice has been taken”). See also Goad v. Goad, 768 S.W.2d
356, 359 (Tex.App.–Texarkana 1989, writ denied), cert. denied, 493 U.S. 1021, 110 S.Ct.
722, 107 L.Ed.2d 742 (1990) (finding complaint concerning judicial notice waived absent
objection). Accordingly, we overrule appellant’s last issue.
 
          Having overruled each of appellant’s four issues, we affirm the judgment of the trial
court.
 
                                                                           James T. Campbell

                                                                                    Justice

 
 
 
Do not publish.