NO. 07-08-0211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 6, 2009

______________________________

LARRY MCGEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 100
TH
 DISTRICT COURT OF CARSON COUNTY;

NO. 3611; HONORABLE JOHN FORBIS, JUDGE SITTING BY ASSIGNMENT
(footnote: 1)

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Larry McGee, 
was convicted by a jury for third-degree felony possession of marihuana enhanced by prior felony convictions and sentenced to twenty-five years confinement.  Appellant contends the evidence at trial was (1) legally insufficient and (2) factually insufficient to support his conviction.  
We affirm.

Background

The following evidence was adduced at trial.  On December 5, 2005, Texas Department of Public Safety Trooper Michael Smith was patrolling Carson County when he stopped a Mercury SUV for speeding and a seatbelt violation by the driver.  Jessie Moore, Jr. was driving the SUV and Appellant was a passenger.  Although Moore indicated the SUV was a rental vehicle, neither Moore nor Appellant could produce a rental agreement.

Trooper Smith asked for, and received, consent from Moore to search the SUV.  As he conducted his search, he noticed a very strong odor of marihuana emanating from the SUV’s interior that was overwhelming.  He found a black bag containing marihuana in the back seat and four other bundles underneath the SUV’s seats.  The combined weight of the bundles was seven pounds.  He also found user amounts on Moore and Appellant.  Appellant had a small package of marihuana in his shoe.  In total, there was 7.64 pounds of marihuana recovered from the SUV, Moore, and Appellant.  

During the traffic stop, Moore and Appellant gave inconsistent descriptions of their trip to Las Vegas,
 i.e.,
 their stories varied in their times of departure and the days actually spent in the city.  In addition, although Appellant told Trooper Smith that Moore was a family friend, he could not recall Moore’s last name.  Finally, Moore indicated that only he knew about the seven pounds of marihuana and Appellant denied knowing that the seven pounds of marihuana was present in the SUV.   

 
Discussion

Appellant contends the evidence at trial was legally and factually insufficient to support a conviction for third-degree felony possession of marihuana because the State failed to establish that he had custody, care and/or control over the seven pounds of marihuana in the SUV.  In support, Appellant contends he was merely a passenger and knew nothing about the large amounts of marihuana.  
 

I. Legal Sufficiency

When conducting a legal sufficiency review of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
Drichas v. State
, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005).  We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact.  
See Dewberry v. State, 
4 S.W.3d 735, 740 (Tex.Crim.App. 1999)
.  Instead, we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the adjudication.  
Adelman v. 
State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992). 

To convict someone of the offense of third degree felony possession of marihuana, the State must prove that Appellant (1) knowingly or intentionally (2) possessed (3) a usable quantity of marihuana of not more than fifty pounds and not less than five pounds.  Tex. Health & Safety Code Ann. 
§ 481.121(a)(4) (Vernon 2003).  Possession means “actual care, custody, control, or management,” § 481.102(38) (Vernon 2003).  
See also
  Tex. Penal Code Ann.  § 1.07(39) (Vernon Supp. 2008), and is established by evidence that the accused exercised control, management, or care over the substance and knew that the matter possessed was contraband.  
King v. State
, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995).  

The State need not prove exclusive possession of the contraband since control over contraband may be jointly exercised by more than one person; 
McGoldrick v. State
, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985); 
Taylor v. State
, 106 S.W.3d 827, 831 (Tex.App.–Dallas 2003, no pet.); however, if the accused was not in exclusive possession of the contraband, the State is required to present some evidence linking him to it.  
Evans v. State
, 202 S.W.3d 158, 162 (Tex.Crim.App. 2006).
(footnote: 2) 
  Regardless whether the State’s evidence is direct or circumstantial, it must establish that the connection between the defendant and the contraband was more than fortuitous.  
Id.
  

Courts have identified a non-exhaustive list of factors that may help to show an affirmative link to the controlled substance.  Some relevant factors that may affirmatively link an accused to contraband include: (1) the defendant’s presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant’s proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.  
Evans
, 202 S.W.3d at 162 n.12.  Each case is examined on its own facts and it is not the number of linking factors that is important but the “logical force” they create to prove that the defendant committed the crime.  
Roberson v. State
, 80 S.W.3d 730, 735-36 (Tex.App.–Houston [1
st
 Dist.] 2002, pet. ref’d)
.   

Viewing the evidence in a light most favorable to the verdict, the record shows Appellant was riding in the SUV, an enclosed space, containing a substantial amount of marihuana–7.64 pounds.  Appellant was present when the search was conducted in close proximity to the marihuana which was accessible and possessed a useable amount on his person.  The odor of the marihuana permeated the car’s interior so much so Appellant must have been aware of the presence of a large amount of marihuana.  When asked to describe their trip, Appellant’s account substantially differed from Moore’s account.  Appellant described Moore as a family friend but could not recall his last name and, although Moore indicated the SUV was a rental, neither he nor Appellant could produce a rental agreement.  A rational juror could have found these circumstances sufficient to show Appellant’s knowing possession of the marihuana.  Accordingly, we hold  this evidence is legally sufficient to support Appellant’s conviction for third-degree felony possession of marihuana and overrule his first point of error. 
 

II. Factual Sufficiency

When conducting a factual sufficiency review, we must begin with the assumption that the evidence is legally sufficient under 
Jackson
.
(footnote: 3)  
Laster v. State
, ___S.W.3d ___, PD-1276-07, 2009 WL 80226, at *2 (Tex.Crim.App. Jan. 14, 2009).  A conviction is not subject to reversal on the basis of factually insufficient evidence unless: (1) the evidence supporting the conviction is “too weak” to support the factfinder’s verdict, or (2) considering  conflicting evidence, the factfinder’s verdict is “against the great weight and preponderance of the evidence.”  
Id.  
In conducting our factual sufficiency review, we must defer to the jury’s findings and we cannot conclude that the conviction is factually insufficient simply because we might disagree with the jury’s verdict.  
Watson v. State,
 204 S.W.3d 404, 416-17 (Tex.Crim.App. 2006);  
Cain v. State
, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).  As directed by the Court of Criminal Appeals, in applying our analysis we are guided by at least three “basic ground rules”: (1) we must consider all of the evidence in a neutral light, as opposed to in a light most favorable to the verdict
(footnote: 4); (2) we may only find the evidence factually insufficient when necessary to “prevent manifest injustice”;
(footnote: 5) and (3) we must explain why the evidence presented is too weak to support the verdict or why the conflicting evidence greatly weighs against the verdict.
(footnote: 6)  
Laster v. State
, 2009 WL 80226, at *2;  
Sims v. State, 
 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 
In support of his assertion of factual insufficiency, Appellant points to videotaped statements recorded during the traffic stop and arrest.  Specifically, Moore and Appellant stated Appellant knew nothing of the seven pounds of marihuana in the SUV.  Generally, a jury is the sole judge of the credibility and demeanor of witnesses as well as the weight to be given to testimony, 
see Cain v. State
, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997), and we are required to afford “due deference” to the jury’s determinations
.  Marshall v. State
, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006).  Here, it was within the jury’s province to disbelieve videotaped statements by Moore and Appellant.  
See Fuentes v. State
, 991 S.W.2d 267, 271 (Tex.Crim.App. 1999).

Appellant also asserts that the absence of a large amount of cash in the SUV or on the person of Moore or Appellant militates in favor of a finding of factual insufficiency.  However, the absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present.  
James v. State
, 264 S.W.3d 215, 219 (Tex.App.–Houston [1
st
 Dist.] 2008, pet. ref’d) (citing 
Hernandez v. State
, 538 S.W.2d 127, 131 (Tex.Crim.App. 1976)).    

Having reviewed the entire record, we conclude the evidence is not so weak that the verdict is clearly wrong and manifestly unjust, and there is no basis in the record for a determination that the great weight and preponderance of the evidence contradicts the jury’s verdict.  
See Watson
, 204 S.W.3d at 417.  We hold that the evidence is factually sufficient and overrule Appellant’s second point of error.
 

Conclusion

The trial court’s judgment is affirmed.

Patrick A. Pirtle 

      Justice  

Do not publish.        

åßÑresisting arrest, the Penal Code explicitly provides that the unlawfulness of the arrest is not a defense to prosecution for that offense.  Tex. Penal Code Ann. § 38.03(b) (Vernon 2003).  For this reason also, the trial court did not abuse its discretion by denying appellant’s motion to suppress.

For both these reasons, we overrule appellant’s first issue.

Trial Court’s Questions During Suppression Hearing

In appellant’s second and third issues, he asserts the trial court erred when, during the suppression hearing, the judge engaged in questioning of Officer Bias (issue two) and of appellant (issue three).  In issue two, appellant specifically complains of the following:

The Court: I guess I need two points of clarification, if you don’t mind.  When you saw the pickup pushing the other car up into the driveway, was the pickup in the driveway or was it on the street?

Officer Bias: It was–It had already been in the driveway at an angle like this (indicating) and he was continuing to push the vehicle farther into the driveway.

The Court: All right.  And when you saw [appellant] exit the truck, he looked at you and you looked at him; right?

Officer Bias: Yes, sir.

The Court: And you told him to stop and you told him “Aqui”?

Officer Bias: I told him “Stop, come here” and then I told him “Aqui” in Spanish.

The Court: Okay.  And that’s all the–that’s all of the Spanish that you said?

Officer Bias: Yes, sir.

The Court: At that point in time were you investigating and asking for identification or were you arresting?

Officer Bias: At that point in time I was still going to detain him for investigation.  I wasn’t sure what was causing the actions at that point in time.

In issue three, appellant contends the trial court abused its discretion by questioning appellant about his background during the suppression hearing.  The exchange of which appellant complains is as follows:

The Court: Do you speak English?

A: No.

The Court:
 
Do you understand English when it’s spoken to you?

A: A little.

The Court: A little.  Okay.  Do you recall whether anyone asked you for your driver’s license?

A: No.

The Court: Are you a U.S. citizen?

A: No.

The Court: Of what country are you a citizen?

A: San Luis Potosi.

The Court: Is this a city?

A: Yes.

The Court: In which country?

A:
 
Rio Verde, San Luis Potosi.

The State contends neither issue is preserved for our review because no objection was made at the time of the questioning.  To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific ground for the desired ruling if the specific grounds are not apparent from the context.  Tex. R. App. P. 33.1
; Moreno v. State,
 900 S.W.2d 357, 360 (Tex.App.–Texarkana 1995, no writ).  Where no objection is made, remarks and conduct of the court may not be subsequently challenged unless they constitute fundamental error because they impugn the presumption of innocence, deny the defendant a fair and impartial jurist or have similar effect. 
 Moreno,
 900 S.W.2d at 359, 
citing Brewer v. State,
 572 S.W.2d 719, 721 (Tex.Crim.App. 1978) (panel op.);
 
Oulare v. State, 
76 S.W.3d 231, 234 (Tex.App.–Amarillo 2002, no pet.) (recognizing requirement to object is applicable to remarks and conduct of the court).  
See also Blue v. State
, 41 S.W.3d 129, 138 (Tex.Crim.App. 2000) (plurality op.).

Due process under both the United States and Texas constitutions requires a neutral and detached hearing body or officer.  
Gagnon v. Scarpelli,
 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973); 
Earley v. State,
 855 S.W.2d 260, 262 (Tex.App.–Corpus Christi 1993), 
pet. dism’d as improvidently granted,
 872 S.W.2d 758 (Tex.Crim.App. 1994); 
accord, Brumit v. State
, 206 S.W.3d 639, 645 (Tex.Crim.App. 2006).  
See also Blue
, 41 S.W.3d at 138 (Keasler, J., concurring) (right to impartial judge is absolute right).  A reviewing court presumes the trial court was neutral and detached absent a clear showing to the contrary.  
Brumit
, 206 S.W.3d at 645;
 Fielding v. State,
 719 S.W.2d 361, 366 (Tex.App.–Dallas 1986, pet. ref’d).  A trial judge is permitted to question a witness when seeking information, clarifying a point, or to obtain a clearer idea of the merits of the case.  
Moreno,
 900 S.W.2d at 359; 
Burks v. State,
 693 S.W.2d 747, 750 (Tex.App.–Houston [14
th
 Dist.] 1985, pet. ref’d).  In bench trials, courts may go beyond asking for mere clarification and ask questions that an advocate might ask in order to assist the fact-finding process.  
Moreno,
 900 S.W.2d at 359.  Even so, a court must avoid becoming involved as an advocate to the extent that it cannot make an objective finding of fact in the case.  
Id. 
at 360.

Here, the judge’s questions were posed during a hearing on a suppression motion.  No jury was present.  The nature of the questions focused on clarifying the circumstances of the officer’s detention of appellant and determining how much of the English language appellant understood.  The questions by the judge did not taint the presumption of innocence or deprive appellant of an unbiased judge or tribunal.  Because the questions did not rise to the level of fundamental error, appellant was obligated to object at trial to preserve the error for appeal.  
See Oulare,
 76 S.W.3d at 234, 
citing Brewer,
 572 S.W.2d at 721.  He did not do so and therefore has presented nothing for our review on these points.

Even if we consider appellant’s points, we find no abuse of discretion.  Appellant contends on appeal that by engaging in the questioning of the officer, the judge became an advocate for the prosecution and assisted the State in satisfying its burden.  With regard to the court’s questions to appellant, he argues there is no authority that permits the “trial judge to pry into the background” of a defendant during a motion to suppress. The State argues the court acted properly, particularly because courts in bench trials have more latitude in questioning witnesses because there is no risk of improperly influencing the jury.  
Navarro v. State,
 477 S.W.2d 291, 292 (Tex.Crim.App. 1972); 
Moreno,
 900 S.W.2d at 359.  We agree with the State’s position.

When reviewing complaints about the trial judge’s questioning of a witness, we apply an abuse of discretion standard.  
Born v. Virginia City Dance Hall and Saloon,
 857 S.W.2d 951, 957 (Tex.App.–Houston [14
th
 Dist.] 1993, writ denied).  As noted, in criminal cases, the trial judge is permitted to question a witness when seeking information only, to clarify a point, or to ask the witness to repeat something the judge could not hear.  
Moreno,
 900 S.W.2d at 360. 
 
Judges are permitted more leeway when no jury is present.  
Id.  See also Silva v. State,
 635 S.W.2d 775, 778 (Tex.App.–Corpus Christi 1982, writ ref’d).
  
Here, the trial court’s questions, both those asked of the officer and those asked of appellant, were within those categories.
  
The record certainly does not indicate the trial judge abandoned his neutral and detached role. 
 

On our review of appellant’s complaints, we find no abuse of discretion.  We overrule appellant’s second and third issues.
 

Comment on the Evidence

In appellant’s last issue, he asserts the trial court erred in taking judicial notice of the meaning of the Spanish word “aqui.”  The State asked appellant’s brother the question “[a]nd is the Spanish term for “here” “aqui”?  When no verbal response was received, the prosecutor asked the court to take judicial notice of the fact the Spanish term for “here” is “aqui.”  The court did so.  Appellant did not object at the time the trial court took judicial notice that “aqui” meant “here” nor did appellant object at any time when testimony was offered that “aqui” meant “here.”  Appellant’s third issue thus was not preserved for appellate review. Tex. R. App. P. 33.1(a)(1); 
see 
Tex. R. Evid. 201(e) (“[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.  In the absence of prior notification, the request may be made after judicial notice has been taken”).  
See also
 
Goad v. Goad,
 768 S.W.2d 356, 359 (Tex.App.–Texarkana 1989, writ denied), 
cert. denied
, 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990) (finding complaint concerning judicial notice waived absent objection).  Accordingly, we overrule appellant’s last issue.

Having overruled each of appellant’s four issues, we affirm the judgment of the trial court.

James T. Campbell

         Justice

Do not publish.

FOOTNOTES
1:
John Forbis, (Ret.), 100
th
 District Court, sitting by assignment.  Tex. Gov’t Code Ann. § 75.002(a)(3) (Vernon 2005).

2:
The Court of Criminal Appeals has recognized that “affirmative” adds nothing to the plain meaning of “link” and now uses only the word “link” to judge evidence of possession.  
Evans
, 202 S.W.3d at 161 n.9.

3:
Jackson v. Virginia, 
443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

4:
Watson v. State, 
204 S.W.3d at 414.

5:
Cain v. State, 
958 S.W.2d at 
407.

6:
Watson v. State,
 204 S.W.3d at 414.