

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00041-CR

_____

TAKISHA DESHAWN ROLFE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34257-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Takisha Deshawn Rolfe appeals her conviction by the trial court for forgery—a state-jail felony. *See* TEX. PENAL CODE ANN. § 32.21 (West 2011). Rolfe entered an open plea[1] of guilty to the trial court and signed a stipulation of evidence. In the stipulation, Rolfe admitted she passed three forged checks. At the plea hearing, the trial court accepted the plea of guilty and found Rolfe guilty, but did not pronounce Rolfe's sentence. At a later hearing, the trial court imposed a sentence of nine months' confinement. The Texas Court of Criminal Appeals has granted Rolfe an out-of time appeal. *See Ex parte Rolfe*, No. AP-76,474, 2011 Tex. Crim. App. Unpub. LEXIS 10 (Tex. Crim. App. Jan. 12, 2011) (per curiam) (not designated for publication).

Rolfe's sole issue on appeal is that the trial court failed to remain neutral and became adversarial. Rolfe argues the nature of the questioning by the trial court "essentially accused the Appellant of lying in regard to her having a sister who worked at Kohl's and her previous criminal conspiracy with the sister to commit a crime similar to the case at bar." According to Rolfe, the trial court, even in the face of overwhelming evidence Rolfe did not have a sister, indicated it had questions about the credibility of Rolfe. Rolfe argues the trial court's decision to sentence Rolfe to confinement instead of community supervision demonstrates the trial court failed to remain neutral.[2]

---

[1]There was not any negotiated sentence agreement.

[2]We note that Rolfe argues the trial court should have placed Rolfe on community supervision. To the extent this argument can be construed as a failure to consider the entire range of punishment, the argument is not preserved for

2

Due process requires a neutral and detached judicial officer.  *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  Absent a clear showing to the contrary, we presume that the trial court was neutral and impartial.  *Id*.; *Brown v. State*, 334 S.W.3d 789, 806 (Tex. App.—Tyler 2010, pet. ref'd).

At the plea hearing, Rolfe testified she was twenty-eight years old and had never been convicted of a felony.  Rolfe testified she had only been arrested once, and the charges had been dropped.[3]  Rolfe testified she was a high school graduate, had attended college for nine months, and was a single parent of two children.

On cross-examination, the State asked Rolfe when was the last time she smoked marihuana and Rolfe responded, "I would say probably Friday."  Rolfe testified she did not regularly smoke marihuana, but admitted she had tried marihuana before.  During the plea hearing, the following exchanges between Rolfe and the trial court occurred:

> THE COURT:  . . . . I've got a question or two, if y'all don't mind.  Is the use of marihuana illegal and a violation of the laws of the State of Texas?
>
> [Rolfe]:  Yes.

---

our review.  A trial court denies due process if it refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment.  *Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002).  A timely objection is required to preserve such a complaint for review.  *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.); *Cole v. State*, 757 S.W.2d 864, 867 (Tex. App.—Texarkana 1988, pet. ref'd).  Because Rolfe failed to object, any complaint was forfeited.

[3]Rolfe testified she had been arrested in Tennessee for possession of stolen property, but the charges had been dropped.

3

THE COURT: You're telling me that with this case pending before this court, after you have appeared before me, waived the right to a trial by jury, entered a plea of guilty to the indictment, that you went out and violated the laws of this state?

[Rolfe]: Yes.

THE COURT: And then you're asking me to show you mercy by granting you probation?

. . . .

THE COURT: And did you tell Ms. Choice that you knew how to do it because you had done the same thing before with your sister who was working at Kohl's Department Store?

[Rolfe]: No, I don't have a sister.

THE COURT: Well, I guess the police officer must not have got it right. Let's go to page 5 of the police offense report, State's Exhibit 2. I'm looking at the second full paragraph. "Ms. Choice said" -- this is the interview, this is the police offense report filled out by the Detective Greg Stewart. And it is dated December -- or printed December the 7th, 2005. "Ms. Choice said when she got home that night, Phillip and Keisha" -- that's you, Keisha?

[Rolfe]: Yes.

THE COURT: "were outside. Keisha had a checkbook that she had taken from the purse at Mervyn's. Keisha and Phillip said they had seen some things in Mervyn's they wanted. They asked Ms. Choice to let them use the checks to make purchases. Keisha said she knew how to do it because she had done the same thing before with her sister who was working at Kohl's Department Store. Ms. Choice said that her mother told her to go ahead and let Phillip and Keisha use the checks." That wrong?

[Rolfe]: Yes.

THE COURT: Police officer just made that up?

4

[Rolfe]: I didn't speak to him. But that's her story.

. . . .

THE COURT: . . . . Let me tell you something, you're asking this Court for mercy, and if I get the idea that you're not telling me the truth, I'm going to tell you what's getting ready to happen to you, I'm going to send you to the penitentiary. Do you understand me?

On redirect, Rolfe testified she had never talked with the investigating police officer. Rolfe's mother testified that Rolfe did not have a sister. At the conclusion of the plea hearing, the trial court stated:

I'm not comfortable with this case based on how that report reads. I'm certainly not comfortable when someone's standing before -- sits here and tells me they violated the law after having come before this Court and entered a plea of guilty and waived the right to trial by jury.
I'm going to take this one under advisement for some period. I don't know how long. I really wish we had that co-defendant as I read her statement. Her, the co-defendant, Choice, she flat puts it on this defendant without any hesitation.
I'm just not -- I'm not comfortable that I've gotten the truth today. So it's under advisement. Let you know when I make the decision coming back here.

At the later sentencing hearing, the State made the following statement:

The State feels that the witnesses were being honest. I understand there was a slight discrepancy in the police report, I think it's the way it was read that threw everybody off. I think she's a candidate for probation, Judge, I don't do that very often, but I think it might be possible in this case.

The Texas Court of Criminal Appeals has noted that a trial judge may question a witness to "elicit information or to clarify issues." *Morrison v. State*, 845 S.W.2d 882, 903 (Tex. Crim. App. 1992); *see Navarro v. State*, 477 S.W.2d 291 (Tex. Crim. App. 1972) (fact a trial judge questions

5

witness to clarify witness' testimony does not indicate bias). The record neither shows that the trial court imposed a "predetermined" punishment, *see Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006), nor does it show that the trial court did not consider the possibility of community supervision. The record shows that the trial court merely believed community supervision was not appropriate for this particular defendant's situation.

Although the trial court expressed doubts as to whether Rolfe was being truthful at the earlier hearing, the trial court did not express any doubts as to Rolfe's truthfulness after the State stated it believed the witnesses were truthful. The trial court provided the following reason for its sentencing decision:

> You chose during the pendency of the sentencing from the time you pled guilty up to between that date and August 14th, to go out and violate the law again by the use of marijuana.
> That is not the type of person this Court considers worthy of the grant of mercy, and I refuse to do it, and have consistently said that is the position I believe in strongly. I'm not going to change for this particular case. I look at each one of them.
> But I'm not going to grant you probation. I'm going to send you where you sent yourself the day you chose -- the day you chose to use marijuana while awaiting sentencing. You pronounced the sentence of state jail confinement against yourself, and I assess your punishment at nine calendar months' confinement . . . .

The trial court's stated reason for not placing Rolfe on community supervision was her admitted drug use. While we may not have reached the same decision as the trial court, the decision was within the trial court's discretion, and Rolfe has failed to make a clear showing the trial court failed to remain neutral.

6

For the reasons stated, we overrule Rolfe's sole issue and affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     August 1, 2011
Date Decided:       August 3, 2011

Do Not Publish