In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00041-CR

                                                ______________________________

 

 

                               TAKISHA DESHAWN ROLFE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 34257-B

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Takisha
Deshawn Rolfe appeals her conviction by the trial court for forgery—a state-jail
felony.  See Tex. Penal Code Ann.
§ 32.21 (West 2011).  Rolfe entered an
open plea[1]
of guilty to the trial court and signed a stipulation of evidence.  In the stipulation, Rolfe admitted she passed
three forged checks.  At the plea
hearing, the trial court accepted the plea of guilty and found Rolfe guilty,
but did not pronounce Rolfe’s sentence. 
At a later hearing, the trial court imposed a sentence of nine months’
confinement.  The Texas Court of Criminal
Appeals has granted Rolfe an out-of time appeal.  See Ex parte
Rolfe, No. AP-76,474, 2011 Tex. Crim. App. Unpub. LEXIS 10 (Tex. Crim. App.
Jan. 12, 2011) (per curiam) (not designated for publication).

            Rolfe’s
sole issue on appeal is that the trial court failed to remain neutral and
became adversarial.  Rolfe argues the
nature of the questioning by the trial court “essentially accused the Appellant
of lying in regard to her having a sister who worked at Kohl’s and her previous
criminal conspiracy with the sister to commit a crime similar to the case at
bar.”  According to Rolfe, the trial
court, even in the face of overwhelming evidence Rolfe did not have a sister, indicated
it had questions about the credibility of Rolfe.  Rolfe argues the trial court’s decision to
sentence Rolfe to confinement instead of community supervision demonstrates the
trial court failed to remain neutral.[2]  

            Due
process requires a neutral and detached judicial officer.  See
Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  Absent a clear showing to the contrary, we
presume that the trial court was neutral and impartial.  Id.;
Brown v. State, 334 S.W.3d 789, 806
(Tex. App.—Tyler 2010, pet. ref’d).  

            At
the plea hearing, Rolfe testified she was twenty-eight years old and had never
been convicted of a felony.  Rolfe
testified she had only been arrested once, and the charges had been dropped.[3]  Rolfe testified she was a high school
graduate, had attended college for nine months, and was a single parent of two
children.  

            On
cross-examination, the State asked Rolfe when was the last time she smoked
marihuana and Rolfe responded, “I would say probably Friday.”  Rolfe testified she did not regularly smoke
marihuana, but admitted she had tried marihuana before.  During the plea hearing, the following
exchanges between Rolfe and the trial court occurred:

            THE
COURT:  . . . . I’ve got a question or
two, if y’all don’t mind.  Is the use of
marihuana illegal and a violation of the laws of the State of Texas?

 

            [Rolfe]:  Yes.

 

            THE
COURT:  You’re telling me that with this
case pending before this court, after you have appeared before me, waived the
right to a trial by jury, entered a plea of guilty to the indictment, that you
went out and violated the laws of this state?

 

            [Rolfe]:  Yes.

 

            THE
COURT:  And then you’re asking me to show
you mercy by granting you probation?

 

            .
. . .

 

            THE
COURT:  And did you tell Ms. Choice that
you knew how to do it because you had done the same thing before with your
sister who was working at Kohl’s Department Store?

 

            [Rolfe]:  No, I don’t have a sister.

 

            THE
COURT:  Well, I guess the police officer
must not have got it right.  Let’s go to
page 5 of the police offense report, State’s Exhibit 2.  I’m looking at the second full
paragraph.  “Ms. Choice said” -- this is
the interview, this is the police offense report filled out by the Detective
Greg Stewart.  And it is dated December
-- or printed December the 7th, 2005. 
“Ms. Choice said when she got home that night, Phillip and Keisha” --
that’s you, Keisha?

 

            [Rolfe]:  Yes.

 

            THE
COURT:  “were outside.  Keisha had a checkbook that she had taken
from the purse at Mervyn’s.  Keisha and
Phillip said they had seen some things in Mervyn’s they wanted.  They asked Ms. Choice to let them use the
checks to make purchases.  Keisha said
she knew how to do it because she had done the same thing before with her
sister who was working at Kohl’s Department Store.  Ms. Choice said that her mother told her to
go ahead and let Phillip and Keisha use the checks.”  That wrong?

 

            [Rolfe]:  Yes.

 

            THE
COURT:  Police officer just made that up?

 

            [Rolfe]:  I didn’t speak to him.  But that’s her story.

 

            .
. . .

 

            THE
COURT:  . . . . Let me tell you
something, you’re asking this Court for mercy, and if I get the idea that
you’re not telling me the truth, I’m going to tell you what’s getting ready to
happen to you, I’m going to send you to the penitentiary.  Do you understand me?

 

On redirect, Rolfe testified she
had never talked with the investigating police officer.  Rolfe’s mother testified that Rolfe did not
have a sister.  At the conclusion of the
plea hearing, the trial court stated:

I’m not comfortable with this case based on how
that report reads.  I’m certainly not
comfortable when someone’s standing before -- sits here and tells me they
violated the law after having come before this Court and entered a plea of
guilty and waived the right to trial by jury.

            I’m
going to take this one under advisement for some period.  I don’t know how long.  I really wish we had that co-defendant as I
read her statement.  Her, the co-defendant,
Choice, she flat puts it on this defendant without any hesitation.

            I’m
just not -- I’m not comfortable that I’ve gotten the truth today.  So it’s under advisement.  Let you know when I make the decision coming
back here.

 

At the later sentencing hearing,
the State made the following statement:

The State feels that the witnesses were being
honest.  I understand there was a slight
discrepancy in the police report, I think it’s the way it was read that threw
everybody off.  I think she’s a candidate
for probation, Judge, I don’t do that very often, but I think it might be
possible in this case.

 

            The
Texas Court of Criminal Appeals has noted that a trial judge may question a
witness to “elicit information or to clarify issues.”  Morrison
v. State, 845 S.W.2d 882, 903 (Tex. Crim. App. 1992); see Navarro v. State, 477 S.W.2d 291 (Tex. Crim. App. 1972) (fact a
trial judge questions witness to clarify witness’ testimony does not indicate
bias).  The record neither shows that the
trial court imposed a “predetermined” punishment, see Brumit v. State, 206 S.W.3d 639 (Tex. Crim. App. 2006), nor
does it show that the trial court did not consider the possibility of community
supervision.  The record shows that the trial
court merely believed community supervision was not appropriate for this
particular defendant’s situation.  

            Although
the trial court expressed doubts as to whether Rolfe was being truthful at the
earlier hearing, the trial court did not express any doubts as to Rolfe’s
truthfulness after the State stated it believed the witnesses were
truthful.  The trial court provided the
following reason for its sentencing decision:

            You
chose during the pendency of the sentencing from the time you pled guilty up to
between that date and August 14th, to go out and violate the law again by the
use of marijuana.

            That
is not the type of person this Court considers worthy of the grant of mercy,
and I refuse to do it, and have consistently said that is the position I
believe in strongly.  I’m not going to
change for this particular case.  I look
at each one of them.

            But
I’m not going to grant you probation. 
I’m going to send you where you sent yourself the day you chose -- the
day you chose to use marijuana while awaiting sentencing.  You pronounced the sentence of state jail
confinement against yourself, and I assess your punishment at nine calendar
months’ confinement . . . .

 

The trial court’s stated reason
for not placing Rolfe on community supervision was her admitted drug use.  While we may not have reached the same
decision as the trial court, the decision was within the trial court’s
discretion, and Rolfe has failed to make a clear showing the trial court failed
to remain neutral.  

            For the reasons stated, we overrule
Rolfe’s sole issue and affirm the judgment of the trial court.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          August 1, 2011

Date Decided:             August 3, 2011

 

Do Not Publish

 











[1]There
was not any negotiated sentence agreement.

 





[2]We
note that Rolfe argues the trial court should have placed Rolfe on community
supervision.  To the extent this argument
can be construed as a failure to consider the entire range of punishment, the
argument is not preserved for our review. 
A trial court denies due process if it refuses to consider the entire
range of punishment for an offense or refuses to consider the evidence and
imposes a predetermined punishment.  Granados v. State, 85 S.W.3d 217 (Tex.
Crim. App. 2002).  A timely objection is
required to preserve such a complaint for review.  Teixeira
v. State, 89 S.W.3d 190, 192 (Tex. App.––Texarkana 2002, pet. ref’d); Washington v. State, 71 S.W.3d 498, 499 (Tex.
App.––Tyler 2002, no pet.); Cole v. State,
757 S.W.2d 864, 867 (Tex. App.—Texarkana 1988, pet. ref’d).  Because Rolfe failed to object, any complaint
was forfeited.

 





[3]Rolfe
testified she had been arrested in Tennessee for possession of stolen property,
but the charges had been dropped.